COBB, Judge.
On September 18, 2001, Houston E. Bass pleaded guilty to theft of property in the first degree, a violation of § 13A-8-3(a), Ala.Code 1975; theft of property in the second degree, a violation of § 13A-8-4(a), Ala.Code 1975; and five counts of criminal possession of a forged instrument in the second degree, violations of § 13A-9-6, Ala.Code 1975. The circuit court held a plea hearing, and the prosecution moved to invoke the Habitual Felony Offender *1194 Act. Bass admitted to having three prior felony convictions. See § 13A-5-9(c)(l) and (2), Ala.Code 1975. The circuit court granted the prosecutor’s motion to invoke the HFOA. The circuit court determined that Bass’s pleas had been entered into knowingly, intelligently, and voluntarily, and accepted Bass’s plea of guilty to all seven charged offenses.
On October 5, 2001, the circuit court conducted a sentencing hearing. At the sentencing hearing, the prosecution introduced certified case action summary sheets from Bass’s two prior felony convictions, one showing a prior conviction for second-degree forgery and the other showing three convictions for second-degree forgery. The circuit court again granted the prosecutor’s motion to invoke the HFOA. The circuit court sentenced Bass to 16 years’ imprisonment for each count; those sentences were to run concurrently. Bass filed a timely motion for a new trial; that motion was denied by operation of law on December 4, 2001. This appeal followed.
Appellate counsel filed a brief and a motion to withdraw in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, counsel stated that, after an extensive review of the record, he could find no viable issues to present on appeal. Additionally, Bass’s appellate counsel stated that he could find no issues that would indicate that trial counsel was ineffective, no indication that Bass’s pleas were involuntary or unknowing, and no abuse of discretion by the trial judge in sentencing. Further, Bass has not filed any pro se issues with this Court. A review of the record supports appellate counsel’s assertion that there are no meritorious issues that would entitle Bass to relief as to his convictions.
However, a review of the record revealed that Bass’s sentence for the conviction of theft of property in the first degree is not within the statutory range. Theft of property in the first degree is a Class B felony. At the plea proceedings Bass admitted to having three prior felony convictions and at the sentencing hearing the prosecution submitted certified copies of case action summary sheets showing four prior felony convictions. Pursuant to § 13A-5-9(c)(2), Ala.Code 1975, the range of punishment for a conviction of a Class B felony with at least three prior felonies is “imprisonment for life or any term of not less than 20 years.” However, Bass was sentenced to 16 years’ imprisonment; that sentence is not within the mandatory statutory range.
Thus, we remand this cause to the circuit court for that court to resentence Bass within the statutory range for the conviction of first-degree theft of property. A return to remand shall be filed with this Court within 56 days of the date of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.